UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON L. JONES,

Plaintiff,

v.                                                    CAUSE NO. 3:25-CV-854-JD-JEM

MATTHEW ALIG,

Defendant.

<u>OPINION AND ORDER</u>

Brandon L. Jones, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges Fort Wayne Police Officer M. Alig conducted an illegal search on February 12, 2025, that uncovered drugs, which lead to state criminal charges. *See State v. Jones*, No. 02D04-2507-F4-000075 (Allen Super. Ct. filed July 9, 2025), available online at: https://public.courts.in.gov/mycase (last visited June 10, 2026). Jones is representing himself in his criminal case, and a trial is currently set to begin June 16, 2026.

Jones acknowledges Officer Alig's initial entry into his fiancee's apartment was valid, as the officer was responding to a possible overdose. But, he contends, after the paramedics revived Jones, Officer Alig left the apartment and his subsequent re-entry, when he found the drugs, was unlawful. Jones alleges that Officer Alig tampered with evidence and later submitted a false probable cause affidavit that omitted exculpatory material. Jones unsuccessfully moved to suppress the evidence in his criminal trial. *See Jones*, No. 02D04-2507-F4-000075 (order of May 20, 2026).

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. "Generally — at least in the context of the *Younger* abstention doctrine — staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Shaw v. County of Milwaukee*, no. 21-1410, 2022 WL 1001434, 2 (7th Cir. Apr. 4, 2022) ("district court should have stayed rather than dismissed [the plaintiff's] damages claims" pursuant to *Younger*) (citing *Gakuba*, 711 F.3d at 753). Here, Jones' claims regarding the legality of the search and potential problems with the probable cause affidvait "involve constitutional issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding

those issues in federal court could undermine the state court proceeding[.]" *Id*.

Therefore, a stay of this case is appropriate under *Younger*.

In addition to *Younger*, courts have inherent authority to stay a case where a

litigant is effectively trying to litigate the same issues in two pending cases. Permitting

such "parallel" litigation runs counter to "core principles of . . . comity, consistency, and

judicial economy." *McDonough v. Smith*, 588 U.S. 109, 120 (2019). Allowing a civil case to

proceed while a criminal case is pending "opens up another can of worms, because civil

discovery is much broader than criminal discovery—that is, criminal defendants can

learn a lot more about the prosecution's case through civil discovery than they

otherwise would be able to in the criminal case alone." *Commodity Futures Trading

Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). "The

distinction between the two discovery protocols is not idle: criminal discovery is

narrower because of concerns that criminal defendants may use this information to

impede investigations into them, tamper with witnesses, or craft more airtight perjured

testimony." *Id.* Because Jones' criminal and civil cases have the same factual

background, those concerns are present here.

Furthermore, Jones' assertions potentially undercut the validity of the pending

criminal charges. Any claim that necessarily implicates the validity of the charges

brought against him cannot be brought while "criminal proceedings are ongoing," and

instead become cognizable only when "the criminal proceeding has ended in the

defendant's favor, or a resulting conviction has been invalidated[.]" *McDonough*, 588

U.S. at 119–20 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). The Supreme Court

has instructed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*[1]

Based on the foregoing, for the court to consider Jones' claims on the merits, he must first complete his underlying criminal case and then exhaust all of his appellate options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("Even though the state trial has ended, however, [the plaintiff's] federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. . .. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process."); *see also Cannon v. Newport*, 572 Fed. Appx. 454 (7th Cir. 2014) ("*Younger* continues to apply while state criminal cases go through the appellate process.").

Accordingly, the court will stay and administratively close Jones' case at this time. When he has fully litigated his pending criminal case through the state system, he may file a motion with this court, asking to reopen the case. When that has occurred—and if he still wishes to proceed with this lawsuit—he must file a motion to lift the stay.

---

[1] Even if some of Jones' claims may not necessarily implicate the validity of the criminal charges, the circumstances of the search are issues that are likely to be litigated in the criminal case.

Depending on the outcome of the criminal case, the court will determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

For these reasons, the court:

(1) STAYS this case pending the resolution of *State v. Jones*, No. 02D04-2507-F4-000075 (Allen Super. Ct. filed July 9, 2025);

(2) ORDERS the plaintiff to file a motion to lift the stay within 30 days after his criminal case is fully litigated through every level of the state system;

(3) CAUTIONS him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(4) DIRECTS the clerk to STATISTICALLY CLOSE this case.

SO ORDERED on June 10, 2026

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT